Stuart M. Price, Esq. (SBN:150439)
**Price Law Group, APC**
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 205-2411
E: stuart@pricelawgroup.com
Attorney for Plaintiff,
*James Lineberger*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

JAMES LINEBERGER,
                Plaintiff,

v.

NAVIENT SOLUTIONS, LLC, formerly
known as NAVIENT SOLUTIONS, INC.,
                Defendant.

**Case No. 5:18-cv-01073**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. § 227
2. RFDCPA, Cal. Civ. Code § 1788
3. Invasion of Privacy - Intrusion Upon Seclusion

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff James Lineberger ("Plaintiff") through his attorneys, alleges the following against Defendant Navient Solutions, LLC, formerly known as Navient Solutions, Inc. ("Defendant").

### INTRODUCTION

1.      Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or

COMPLAINT AND DEMAND FOR JURY TRIAL

prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.      Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4.      Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6.      Defendants transacts business in the state of California; thus personal jurisdiction is established.

## PARTIES

7.      Plaintiff is a natural person residing in Hemet, Riverside County, California.

8.      Navient is a creditor engaged in the business of giving loans and managing credit accounts with its principal place of business located at 2001 Edmund Halley Drive,

COMPLAINT AND DEMAND FOR JURY TRIAL

Reston, VA 20191. Defendant can be served with process at Corporation Service Company, 100 Shockoe Slip, 2nd floor, Richmond, VA 23219.

9.      The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

10.     During the course of its attempts to collect debts, Defendant sends to debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

11.     Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     Defendant attempted to collect on a consumer debt from Plaintiff.

13.     In or around October 2016, Navient began placing calls to Plaintiff's cellular and home phone numbers (915) 816-5443 and (951) 816-5443, in an attempt to collect an alleged debt(s).

14.     The calls originated from: (513) 914-4612; (617) 762-5957; (202) 899-1318; (765) 637-0794; (856) 316-7057; (617) 762-5367; (765) 637-0785; (317) 550-5609; (302) 261-5692; (703) 935-1159; (570) 904-8757; (512) 782-4660; (877) 614-1160.

COMPLAINT AND DEMAND FOR JURY TRIAL

15.     Defendant called Plaintiff several times from each number before calling from the next number, in the order they are listed.

16.     Upon information and belief, those phone numbers are owned or operated by Defendant.

17.     On or about October 7, 2016, at 8:22 a.m., Plaintiff called Defendant at (888) 272-5543 and spoke with a representative by the name of Christina.

18.     Plaintiff unequivocally revoked consent to be called any further on his cellular phone (951) 816-5443 and home phone (951) 658-6414.

19.     Navient's representative informed Plaintiff that calls will not stop and that he had to submit his request in writing.

20.     After Plaintiff had revoked his consent to be called, Defendant began calling Plaintiff incessantly. In less than eight months, between October 13, 2016 and May 31, 2017, Defendant called Plaintiff no less than **275 times**.

21.     Defendant called Plaintiff at both his cell phone approximately **150 times**, and at his home phone approximately **125 times**.

22.     Defendant called Plaintiff multiple times a day. For example, Defendant called Plaintiff **eight times** on November 2, 3, 18, and 23, **nine times** on November 8 and 9, **ten times** on November 11 and 16, **eleven times** on November 17, **twelve times** on November 21, and **thirteen times** on November 22, in 2016.

23.     The FCC noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The

hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

24.     The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

25.     Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

26.     Defendant placed calls to Plaintiff in a manner to predict the times she was available to answer her phone, indicating the use of a predictive dialer. After receiving calls at seemingly random times, the calls became more consistent at certain times of the day. For example, Defendant called Plaintiff at 1:20 p.m. on both April 25 and 27, 2017.

27.     The conduct was not only willful but was done with the intention causing Plaintiff such distress, so as to induce him to pay the debt.

28.     Further, the conduct was done with such frequency and intensity so as to harass Plaintiff.

29.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, shame, worry, grief, anguish, humiliation, and physical and mental pain.

30.     Further, Defendant's calls often occurred while Plaintiff was busy with his daily activities and disrupted his day. Particularly the calls to Plaintiff's home phone number required Plaintiff to drop what he was doing and run to pick up the telephone.

COMPLAINT AND DEMAND FOR JURY TRIAL

31.     The **no less than 275 phone calls** placed from Defendant to Plaintiff's cellular and home phones caused Plaintiff extreme emotional distress and aggravation.

## COUNT I
### (Violations the TCPA, 47 U.S.C. § 227)

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

a.  Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b.  Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular and home telephones using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

COMPLAINT AND DEMAND FOR JURY TRIAL

34. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

35. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

37. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT III**
**Violation of the Rosenthal Fair Debt Collection Practices Act,**
**Cal. Civ. Code § 1788**

38. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39. Defendant violated the RFDCPA. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of 15 U.S.C. §§ 1692b-1692j.

COMPLAINT AND DEMAND FOR JURY TRIAL

a. Defendants violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

b. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

40. Defendant Honda and Syncom's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

**COUNT III**
**Defendant's Invasion of Privacy of Plaintiff**
**(Intrusion upon Seclusion)**

42. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

43. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as "[o]ne who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

44. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

COMPLAINT AND DEMAND FOR JURY TRIAL

- 8 -

a.   Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite having unequivocally revoked consent to be called.

b.   The number and frequency of the telephone calls to Plaintiff by Defendant constitute an intrusion on Plaintiff's privacy and solitude.

c.   Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

d.   Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff James Lineberger respectfully requests that judgment be entered against Defendant for the following:

A.   Declaratory judgment that Defendant violated the TCPA;

B.   Declaratory judgment that Defendant violated the RFDCPA;

C.   Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

COMPLAINT AND DEMAND FOR JURY TRIAL

D. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

E. Actual damages pursuant to RFDCPA, Cal. Civ. Code §1788.30(b);

F. Punitive damages for intrusion upon Plaintiff's seclusion;

G. Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

H. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Any other relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: May 18, 2018                    **PRICE LAW GROUP, APC**

By: /s/ *Stuart M. Price*
Stuart M. Price, Esq. (SBN:150439)
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: 818-205-2411
E: stuart@pricelawgroup.com
Attorney for Plaintiff,
*James Lineberger*

COMPLAINT AND DEMAND FOR JURY TRIAL